| | | |
|---|---|---|
| CLEVELAND SHOUPES, JR., and wife<br>PATRICIA SHOUPES,<br><br>        Plaintiffs,<br><br>v.<br><br>FAST ACCESS HEALTHCARE, PLLC, *et al.*,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:23-CV-456-CEA-DCP |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendants' Motion for Protective Order, Motion to Strike Plaintiffs' Unilateral 'Rule 26 Conference Report and Discovery Plan,' Motion to Strike Plaintiffs' Written Discovery, and Motion to Limit Any Initial, Formal Discovery Proceedings [Doc. 24]. Plaintiffs responded in opposition to the motion [Doc. 26], and Defendants filed a reply [Doc. 27]. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons explained below, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion **[Doc. 24].**

I.     **BACKGROUND**

Plaintiffs filed this case on December 21, 2023 [Doc. 1]. On the same day, United States District Judge Charles E. Atchley entered an Order as follows:

> This Order Governing Motions to Dismiss sets forth the meet and confer requirements that must be certified before filing a motion to dismiss in this Court. A motion pursuant to Federal Rule of Civil Procedure 12(b) is discouraged if the defect is likely to be cured by filing an amended pleading. Therefore, the parties must meet and confer prior to the filing of a motion to dismiss to determine whether it can be avoided. The duty to confer also applies to parties

> appearing *pro se*. Consequently, a motion to dismiss must be accompanied by a notice indicating that the parties have conferred to determine whether an amendment could cure a deficient pleading, and have been unable to agree that the pleading is curable by a permissible amendment.
>
> MOTIONS TO DISMISS THAT DO NOT CONTAIN THE REQUIRED CERTIFICATION ARE SUBJECT TO BEING STRICKEN ON THE COURT'S MOTION.

[Doc. 4].

On February 20, 2024, Defendants filed a Motion to Stay Proceedings Pending Resolution of Case Pending in State Court [Doc. 12]. Specifically, Defendants' motion seeks to stay this action "pending resolution of the companion healthcare liability action pending in the Circuit Court of Campbell[] County, Tennessee" [*Id*. at 1]. Although their motion does not request a dismissal of the case, in their memorandum, they seek, in the alternative, that the Court "dismiss this federal action without prejudice pending resolution of the state court proceedings" [Doc. 13 p. 2]. The parties completed briefing that motion on May 10, 2024 [Doc. 22]. According to Defendants, Plaintiffs subsequently filed a motion to stay in the state court case [Doc. 25 p. 2]. The state court entered an order staying the proceedings and deferring to this Court [*Id*. (citation omitted)].

On June 10, 2024, Plaintiffs filed their Rule 26 Conference Report and Discovery Plan ("Rule 26(f) Report") [Doc. 23]. Defendants did not sign the Rule 26(f) Report [*See id*.]. In addition, Defendants state that Plaintiffs served six sets of written discovery [*Id*. at 4]. Defendants thereafter filed their instant motion, which requests that the Court: (1) strike Plaintiffs' unilaterally-filed Rule 26(f) Report, (2) strike Plaintiffs' written discovery pending the Court's ruling on Defendants' motion to stay, or in the alternative, (3) limit the initial discovery proceedings to information pertinent to early resolution attempts—that is, insurance information and financials [Doc. 24 p. 1].

Plaintiffs filed a response in opposition to the motion, and they also request that the Court: (1) strike Defendants' motion, including Defendants' certification that they conferred in good faith prior to filing the motion, (2) strike Defendants' pending motion to stay [Doc. 12] for failure to confer in good faith, or in the alternative, (3) deny Defendants' instant motion [Doc. 26 p. 1].[1]

Defendants filed a reply stating that they did confer in good faith prior to filing the instant motion [Doc. 27]. They explain that they did not meet and confer on their motion to stay [Doc. 12] because they did not interpret the Court's Order [Doc. 4] as requiring a meet and confer [Doc. 27 p. 2]. In any event, Defendants state, such an attempt would have been futile [*Id.*]. Defendants maintain that their motion should be granted but note that they intend to produce the information Plaintiffs requested in informal discussions [*Id.*].

## II. ANALYSIS

The Court will begin with Plaintiffs' first request—that is, that the Court strike Defendants' instant motion because they did not confer in good faith. Defendants' motion states that defense counsel "has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court intervention" [Doc. 24 p. 2]. Plaintiffs state that "it would be appropriate for the Court to strike [Docs. 24 and 25] without prejudice based on the improper certification of purported good faith conferrals found in [Doc. 24]" [Doc. 26 p. 13]. The Court has reviewed the parties' correspondence [*see* Doc. 25-1; Doc. 26-2]. The correspondence shows that defense counsel wanted to proceed more informally, and Plaintiffs' counsel concluded, "It's clear and there's no way around it, because we are both reading the same rule and coming to different conclusions. We are at an impasse" [Doc. 26-2 p. 4]. Plaintiffs then proceeded to file their

---

[1] Plaintiffs also note that they have contacted the undersigned's Chambers to set a telephonic conference [Doc. 26 pp. 1–2]. The parties have fully briefed the motion, and therefore, the Court finds a conference call not necessary at this time.

unilateral Rule 26(f) Report [Doc. 23]. Based on the parties' correspondence, the Court declines to strike Defendants' motion [Doc. 24].

Turning to Defendants' first request—that is, to strike Plaintiffs' unilateral Rule 26(f) Report [Doc. 23]. Rule 26(f) of the Federal Rules of Civil Procedure mandates that the parties participate in a discovery planning meeting:

> Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable--and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

Fed. R. Civ. P. 26(f)(1). The parties' Rule 26(f) report should be filed within fourteen (14) days of their meeting. Fed. R. Civ. P. 26(f)(2). The Court finds Defendants' request well taken because the parties did not participate in their discovery planning meeting. The Court therefore **STRIKES** Plaintiffs' Rule 26(f) Report [**Doc. 23**].

Second, Defendants seek an order striking Plaintiffs' discovery requests "pending this Court's ruling on the Defendants' Motion to Stay this federal action" [Doc. 24 p. 4]. They rely on Rule 26(c), which provides, "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery;" "specifying terms . . . for the disclosure or discovery;" "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]" Fed. R. Civ. P. 26(c)(1)(A), (B), and (D). Defendants have not cited any authority that discovery should not proceed when a party has simply requested a stay. While the Court declines to strike the discovery requests, the undersigned notes that because the parties have not completed their Rule 26(f) meeting, the time for responding has not yet begun. *See* Fed. R. Civ. P. 26(f) ("A

4

party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . .").

Third, Defendants request that the "initial discovery proceedings should be limited to information pertinent to early resolution attempts" [Doc. 24 p. 1]. At this time, the Court declines to order that the proceedings are limited, but the parties shall discuss "the possibilities for promptly settling or resolving this case" as required under Rule 26(f)(2). *See* Fed. R. Civ. P. 26(f)(2) ("In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly setting or resolving the case[.]"); *see also* Fed. R. Civ. P. 1 (explaining that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). The parties **SHALL** participate in their Rule 26(f) conference, by telephone, video conference, or in person, **within ten days** of this Order.

Plaintiffs also request that the Court strike Defendants' motion to stay or dismiss [Doc. 12] because Defendants did not confer with Plaintiffs prior to filing it in violation of the District Judge's Order [Doc. 26 p. 1 (citing Doc. 4)]. Notably, nowhere in Plaintiffs' response to the motion to stay [Doc. 16] or their supplemental briefs [Docs. 19 and 21] did they request to strike Defendants' motion to stay for purportedly violating the Court's Order [Doc. 4]. Further, as Defendants note, their motion to stay primarily seeks a stay of the federal court action—"whether effected by a stay or dismissal without prejudice" [Doc. 27 p. 2]. To the extent a meet and confer was required, in light of the already extensive briefing on the motion [Docs. 12, 13, 16, 17, 19, 20, 21, 22], the Court finds that the parties are at an impasse such that any meet and conferral would be an exercise of futility. The Court therefore declines to strike Defendants' motion to stay [Doc. 12].

5

Case 3:23-cv-00456-CEA-DCP    Document 28    Filed 06/17/24    Page 5 of 6    PageID #: 467

### III. CONCLUSION

For the reasons explained above, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion for Protective Order, Motion to Strike Plaintiffs' Unilateral 'Rule 26 Conference Report and Discovery Plan,' Motion to Strike Plaintiffs' Written Discovery, and Motion to Limit Any Initial, Formal Discovery Proceedings [**Doc. 24**].

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

6

Case 3:23-cv-00456-CEA-DCP   Document 28   Filed 06/17/24   Page 6 of 6   PageID #: 468